IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                             Plaintiff,<br><br>       v.<br><br>ABREAIN TERRON DALTON,<br><br>                            Defendant. | Case No. 3:17-cr-00059-TMB<br><br>**ORDER ON MOTION TO VACATE,<br>SET ASIDE, OR CORRECT SENTENCE<br>PURSUANT TO 28 U.S.C. § 2255<br>(DKT. 70)** |

## I.    INTRODUCTION

The matter comes before the Court on Defendant Abreain Terron Dalton's Motion to Vacate, Set Aside, or Correct pursuant to 28 U.S.C. § 2255 (the "Motion").[1] The Motion seeks to vacate Dalton's sentence and dismiss the Indictment with prejudice on the grounds that he was provided ineffective assistance of counsel.[2] The United States opposes the Motion.[3] Dalton did not file a reply, and the time in which to do so has now passed. The parties did not request an oral argument and the Court finds it would not be helpful. For the reasons stated below, Dalton's Motion to Vacate is **DENIED**.

## II.    BACKGROUND

This case arises out a guilty plea Dalton entered, in which he admitted to one count of Possession of a Controlled Substance with Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1); and one count of Carrying a Firearm During and in Relation to Drug Trafficking, in

---

[1] Dkt. 70 (Motion to Vacate).

[2] *Id.* at 5–6.

[3] Dkt. 82 (Response in Opposition).

violation of 21 U.S.C. § 924(c)(1)(A)(i).[4] On April 29, 2017, Dalton was found in possession of at least five grams of methamphetamine in addition to quantities of heroin, powder cocaine, and "crack" cocaine.[5] At the time, Dalton also carried an HS Products (IM Metal), model XDS, .45 caliber pistol.[6]

The State of Alaska charged Dalton with crimes related to the drugs and weapons found on or near his person and, on May 4, 2017, a grand jury for the State of Alaska indicted Dalton on the charges.[7] Following the state grand jury indictment, the United States also filed a criminal complaint against Dalton.[8] On May 5, 2017, the Court held an initial appearance and appointed a Federal Public Defender, Attorney Darrel Gardner ("Counsel"), to represent Dalton.[9]

On May 18, 2017, the federal grand jury returned a two count indictment, alleging one count of Possession of a Controlled Substance with Intent to Distribute, under 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); and one count of Carrying a Firearm During and in Relation to Drug Trafficking, under 18 U.S.C. § 924(c)(1)(A)(i).[10] Later, a Superseding Indictment was issued which modified the charge in Count 1 to include a violation of 21 U.S.C. §§ 841(b)(1)(C).[11]

---

[4] Dkt. 46 (Change of Plea Hearing).

[5] Dkt. 39 at 4 (Plea Agreement).

[6] *Id.* at 5.

[7] *State of Alaska v. Dalton*, 3AN-17-03381CR.

[8] Dkt. 1 (Complaint).

[9] Dkt. 5 (Initial Appearance).

[10] Dkt. 12 at 1 (Indictment).

[11] Dkt. 23 at 1 (Superseding Indictment).

Initially, Dalton pleaded not guilty to each count.[12] However, after negotiating a Plea Agreement[13] with the United States, Dalton filed a Notice of Intent to Change Plea on September 26, 2017.[14]

On October 10, 2017, Dalton pleaded guilty to both counts in the Superseding Indictment.[15] On March 9, 2018, the Court accepted Dalton's plea and sentenced him to a 180-month term of imprisonment followed by a five-year term of supervised release.[16] Dalton was also assigned a $200 special assessment and ordered to forfeit $4,380.[17] Dalton was represented by Counsel at his preliminary hearing, arraignment and plea, and sentencing.[18]

Dalton filed the present Motion on September 11, 2018 setting forth two grounds for relief: (1) that he received ineffective assistance of counsel in violation of the Sixth Amendment where Counsel advised him to enter into the Plea Agreement when the Double Jeopardy Clause precluded his federal prosecution; and (2) that he received ineffective assistance of counsel where Counsel failed to challenge Count 2 of the Superseding Indictment on the basis that Dalton did not "use" a firearm as required under 18 U.S.C. § 924(c).[19] On Dalton's motion, the Court appointed counsel to represent Dalton in his § 2255 proceedings.[20] On June 20, 2019, Dalton notified the Court that

---

[12] Dkt. 28 (Arraignment).

[13] Dkt. 39 (Plea Agreement).

[14] Dkt. 41 (Notice of Intent to Change Plea).

[15] Dkt. 46.

[16] Dkt. 58 (Imposition of Sentence).

[17] *Id.*

[18] Dkts. 5, 14, 28, 46, and 58.

[19] Dkt. 70 at 4–6.

[20] Dkts. 74 and 76.

he intended to rely on his initial § 2255 pleading.[21] The United States then filed its Response on August 19, 2019.[22] The United States opposes Dalton's Motion on each ground.[23] The Motion has been fully briefed and is now ripe for resolution.

### III.     LEGAL STANDARD

Under 28 U.S.C. § 2255(a), a district court may "vacate, set aside, or correct" a sentence of a federal prisoner that was imposed in violation of the Constitution or a law of the United States. On a motion for relief under 28 U.S.C. § 2255, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."[24] If the Court determines that relief is warranted, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."[25]

However, "the district court may deny a § 2255 motion without holding an evidentiary hearing if '(1) the petitioner's allegations, accepted as true, would not entitle him to relief; or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or allege conclusions rather than statements of fact.'"[26] Thus, "if the record refutes the

---

[21] Dkt. 81.

[22] Dkt. 82.

[23] *Id.* at 1.

[24] 28 U.S.C. § 2255(b).

[25] *Id.*

[26] *United States v. Geozos*, No. 3:06-CR-082-RRB-JDR, 2010 WL 4942571, at *2 (D. Alaska Nov. 24, 2010) (quoting Dhillon Khosla, 28 U.S.C. § 2255 Checklist/Updated Supplement to Habeas Corpus Outline 5 (2005)). *See also Lopez-Lopez v. United States*, No. CR 05-1242 TUC-DCB, 2006 WL 2850055, at *1 (D. Ariz. Sept. 28, 2006) ("A district court shall summarily dismiss

4

applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing."[27] "Section 2255 requires only that the district court give a claim careful consideration and plenary processing, including full opportunity for presentation of the relevant facts."[28]

   A. *Ineffective Assistance of Counsel*

A claim of ineffective assistance of counsel is rooted in the Sixth Amendment right to counsel, which is applicable at the plea-bargaining stage of a criminal proceeding.[29] A defendant asserting a claim of ineffective assistance of counsel must satisfy the two-pronged test defined in *Strickland v. Washington*.[30] Under that test, a defendant must show that (1) counsel's performance was deficient, *i.e.*, "fell below 'an objective standard of reasonableness;'"[31] and (2) that the deficiency was prejudicial to the defense, *i.e.*, "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[32]

In addressing the first element, judicial scrutiny of an attorney's performance, especially in hindsight, is highly deferential.[33] Attorney conduct should be evaluated from the attorney's

---

a § 2255 petition '[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief.'" (quoting Rule 4(b), Rules Governing § 2255 Actions)).

[27] *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007).

[28] *Shah v. United States*, 878 F.2d 1156, 1159 (9th Cir. 1989) (internal quotations omitted).

[29] *Lafler v. Cooper*, 566 U.S. 156, 162 (2012). *See also Hill v. Lockhart*, 474 U.S. 52, 58 (1985).

[30] 466 U.S. 668 (1984).

[31] *Silva v. Woodford*, 279 F.3d 825, 836 (9th Cir. 2002) (quoting *Strickland*, 466 U.S. at 688).

[32] *Strickland*, 466 U.S. at 694. *See also United States v. Signori*, 844 F.2d 635, 638 (9th Cir. 1988).

[33] *Strickland*, 466 U.S. at 689.

perspective at the time of the representation.[34] Generally, an attorney's performance is strongly presumed to fall within the wide range of reasonably professional, competent assistance.[35] "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions. Counsel's actions are usually based, quite properly, on informed strategic choices made by the defendant and on information supplied by the defendant."[36]

The second element, prejudice, "focuses on the question whether counsel's deficient performance renders the result of . . . the proceeding fundamentally unfair."[37] A reasonable probability that the results of the proceeding would have been different is "a probability sufficient to undermine confidence in the outcome."[38] A defendant must make a greater showing than simply asserting an error that could theoretically have some effect on the outcome of the proceeding, but, a showing by a preponderance of the evidence is not required by *Strickland*.[39]

Thus, a defendant must prove both deficient performance and consequent prejudice to succeed in establishing ineffective assistance.[40] The court may evaluate one or both prongs in determining whether to grant a defendant's habeas petition on these grounds. However, the court

---

[34] *Id.*

[35] *Id.*

[36] *Id.* at 691.

[37] *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993)

[38] *Strickland*, 466 U.S. at 694.

[39] *Duncan v. Ornoski*, 528 F.3d 1222, 1246 (9th Cir. 2008).

[40] *United States v. Quintero-Barraza*, 78 F.3d 1344, 1348 (9th Cir. 1995) ("[P]etitioner bears the burden of establishing both.").

need not inquire whether an attorney's performance was deficient if such alleged deficiency could not have resulted in prejudice under *Strickland*.[41]

B.  *Ineffective Assistance of Counsel in Plea Agreements*

"Because 'an intelligent assessment of the relative advantages of pleading guilty is frequently impossible without the assistance of an attorney' . . . counsel have a duty to supply criminal defendants with necessary and accurate information."[42] Where a petitioner alleges ineffective assistance of counsel when entering into a plea agreement, "[t]he longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative causes of action open to the defendant.'"[43] For a guilty plea, a petitioner can only "attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [the range of competence demanded of attorneys in criminal cases]."[44] In addition, to satisfy the prejudice prong of the *Strickland* standard in the context of a guilty plea, a petitioner must "show the outcome of the plea process would have been different with competent advice;" in other words, the petitioner must show "that there is a

---

[41] *Pizzuto v. Arave*, 280 F.3d 949, 955 (9th Cir. 2002) (citing *Strickland*, 466 U.S. at 697).

[42] *Iaea v. Sunn*, 800 F.2d 861, 865 (9th Cir. 1986), *overruled on other grounds by United States v. Rodriguez–Razo*, 962 F.2d 1418 (9th Cir. 1992) (quoting *Brady v. United States*, 397 U.S. 742, 748 n.6 (1970)).

[43] *Signori*, 844 F.2d at 638 (quoting *Hill*, 474 U.S. at 56).

[44] *Hill*, 474 U.S. at 58 (quoting *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)).

reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial."[45]

### IV. ANALYSIS

Dalton raises two grounds for ineffective assistance of counsel: first, that he received ineffective assistance of counsel in violation of the Sixth Amendment where Counsel failed to raise a double jeopardy claim; and second, that he received ineffective assistance of counsel where Counsel failed to challenge Count 2 of the Superseding Indictment on the basis that Dalton did not "use" a firearm as required under 18 U.S.C. § 924(c).[46] The United States argues that each of Dalton's assertions are without merit.[47] The Court discusses each of Dalton's asserted grounds for relief in turn.

   A. *Whether Counsel Was Ineffective for Failing to Advise Dalton of a Double Jeopardy Claim*

Dalton first argues Counsel was ineffective for failing to advise him that the United States was precluded, under the Double Jeopardy Clause, from prosecuting him for the crimes alleged in the Superseding Indictment because the state had previously indicted him for the same crimes.[48] Dalton's claim fails for two reasons: first, Dalton was not twice put in jeopardy; and second, even if he was twice put in jeopardy, the dual sovereignty doctrine allows him to be prosecuted for the

---

[45] *Lafler*, 566 U.S. at 163.

[46] Dkt. 70 at 4–6.

[47] Dkt. 82 at 1.

[48] Dkt. 70 at 4.

same conduct at the state and federal level.[49] Therefore, Counsel was not ineffective for failing to advise him on a double jeopardy claim, nor did any prejudice result.

1. Dalton Was Not Twice Put in Jeopardy

Dalton claims that he was twice put in jeopardy because "Dalton was being charged at the same time in the Superior Court of the State of Alaska, and in the Federal District Court for the same crime . . . ."[50] The Double Jeopardy Clause, contained within the Fifth Amendment, protects individuals from being twice put in jeopardy for the same offense.[51] Under the Fifth Amendment, jeopardy "attaches" when the trial jury is sworn or—in the case of a non-jury trial—when the first witness is sworn.[52] It is well-settled that a defendant is not put in constitutional jeopardy when there is more than one attempt to obtain a grand jury indictment.[53]

It is undisputed that Dalton was indicted by the State of Alaska and the United States for crimes relating to the same conduct.[54] However, a trial jury was not empaneled in the federal

---

[49] *See United States v. Traylor*, 978 F.2d 1131, 1132 (9th Cir. 1992).

[50] Dkt. 71 at 4 (Brief in Support of the Motion to Vacate).

[51] *Heath v. Alabama*, 474 U.S. 82, 87 (1985).

[52] *Martinez v. Illinois*, 572 U.S. 833, 841 (2014); *Crist v. Bretz*, 437 U.S. 28, 37 n.15 (1978) (citing *Serfass v. United States*, 420 U.S. 377, 388 (1975)).

[53] *See e.g. United States v. Williams*, 504 U.S. 36, 49 (1992) (citing *Ex parte United States*, 287 U.S. 241, 250–251 (1932); *United States v. Thompson*, 251 U.S. 407, 413–415 (1920)) ("The Double Jeopardy Clause of the Fifth Amendment does not bar a grand jury from returning an indictment when a prior grand jury has refused to do so.")

[54] Dalton was indicted by the State of Alaska on one count of Misconduct Involving Weapons in the Second Degree, one count of Misconduct Involving Weapons in the Third Degree, and three counts of Misconduct Involving a Controlled Substance in the Second Degree. Dkt. 71-3 (State Indictment). The federal grand jury indicted Dalton on one count of Possession of a Controlled Substance with Intent to Distribute and one count of Carrying a Firearm During and in Relation to a Drug Trafficking Crime. Dkt. 23. Both indictments concerned the same conduct which occurred on April 29, 2017. Dkts. 23 and 71.

case.[55] Nor has Dalton put on evidence that a trial jury was sworn in his state case. In fact, the evidence that he provides suggests that all charges were dismissed before proceeding to trial.[56] Only the federal case moved forward and Dalton ultimately agreed to plead guilty rather than submit the case to a jury. Therefore, Dalton has not shown that he was twice put in jeopardy. Accordingly, Dalton cannot prove that Counsel's assistance was objectively unreasonable for failing to advise him on a double jeopardy claim that never materialized and Dalton cannot show that he was prejudiced as a result.

   2. Dalton's Double Jeopardy Claim Would Have Failed Under the Dual Sovereignty Doctrine

Even if Dalton had shown that he was twice put in jeopardy for the same offense, his claim would have failed. "Under the dual sovereignty doctrine, successive prosecutions by separate sovereigns for crimes arising out of the same acts are not barred by the Double Jeopardy Clause."[57] The dual sovereignty doctrine considers that "[w]hen a defendant in a single act violates the 'peace and dignity' of two sovereigns by breaking the laws of each, he has committed two distinct 'offences.'"[58] To determine whether the dual sovereignty doctrine allows for a second prosecution, courts must look to "whether the two [prosecuting] entities draw their authority to punish the offender from distinct sources of power."[59]

---

[55] Dkt. 46.

[56] Dkt. 71-2 (State Dismissal). *See State of Alaska v. Dalton*, 3AN-17-03381CR (2017). The charges were dismissed pursuant to Alaska R. Crim. P. 43(a)(1), which allows the prosecutor to dismiss the charges prior to trial without the permission of the defendant. Dkt. 71-2.

[57] *Traylor*, 978 F.2d at 1132 (citing *Heath*, 474 U.S. at 88).

[58] *Id.* (quoting *Heath*, 474 U.S. at 88 (quoting *United States v. Lanza*, 260 U.S. 377, 382 (1922))).

[59] *Heath*, 474 U.S. at 88.

Here, Dalton was charged in the Superior Court for the State of Alaska for violations of state law.[60] Subsequently, Dalton was charged by the United States for violations of federal law.[61] Although the charges related to the same conduct, each prosecuting entity relied on its own, separate authority to prosecute Dalton. Therefore, even if jeopardy had attached in either his state or federal case, the Double Jeopardy Clause would not have barred prosecutions sought by the two, separate entities. Accordingly, Counsel was not ineffective for failing to raise the issue and Dalton suffered no prejudice.

> B. *Whether Counsel Was Ineffective for Failing to Investigate the Requirement Whether Dalton's Conduct Violated 18 U.S.C. § 924*

Dalton claims that Counsel was ineffective for failing to provide competent advice in light of the Supreme Court's holding in *Bailey v. United States*.[62] Dalton asserts that had Counsel advised him on the holding of *Bailey*, he would not have pleaded guilty to Count 2 "and would have insisted on going to trial."[63] In order to prevail on his claim, Dalton must show that Counsel did not advise him about *Bailey*, that the failure to advise him about *Bailey* fell below the objective standard of reasonableness espoused by *Strickland*, and that Dalton suffered prejudice because of Counsel's failure.[64]

Title 18 U.S.C. § 924(c)(1)(A) punishes any person who, during a drug trafficking crime, "uses," "carries," or "possesses" a firearm. *Bailey* interpreted what constitutes "use" of a firearm

---

[60] Dkt. 71-3.

[61] Dkt. 23.

[62] 516 U.S. 137 (1995).

[63] Dkt. 71 at 9.

[64] *See, e.g.*, *Silva*, 279 F.3d at 836.

under § 924(c)(1)(A).[65] Specifically, *Bailey* held that evidence of mere possession or concealment of a firearm for later use does not constitute "use" under § 924(c)(1)(A).[66] The *Bailey* Court expressly did not interpret the meaning of "carry" under the statute.[67] Dalton was charged under § 924(c)(1)(A)(i) with carrying a HS Products (IM Metal), model XDS, .45 caliber pistol, serial number: XS686107, during and in relation to the crime of possession with intent to distribute a controlled substance.[68] *Bailey* turns on a statutory term—*i.e.* "use"—that is inapposite to Dalton's charge, which solely relies on the "carry" language under § 924(c)(1)(A).[69] For this reason, the Court finds that Dalton's overarching claim must fail.

First, assuming Counsel failed to advise Dalton regarding *Bailey*, it is not objectively unreasonable for an attorney to refrain from discussing a case which is arguably irrelevant to their client's case. Second, even if failure to discuss *Bailey* with Dalton was deficient performance, it did not prejudice Dalton. The Plea Agreement correctly stated the elements that the United States had the burden to prove at trial "1) the defendant committed the crime of possession with intent to distribute, as alleged in Count 1 of the indictment; 2) the defendant knowingly carried a firearm during and in relation to that drug trafficking crime."[70] Therefore, despite Counsel's alleged

---

[65] *Bailey*, 516 U.S. at 151.

[66] *Id.*

[67] *Id.*

[68] Dkt. 23.

[69] It also bears noting that Congress reversed *Bailey* by amending § 924(c)(1)(A) to include "possession" as well as "use." *See Welch v. United States*, 136 S. Ct. 1257, 1267 (2016); *United States v. O'Brien*, 560 U.S. 218, 233 (2010) (discussing the 1998 amendment colloquially known as the "Bailey Fix Act"). This further demonstrates that *Bailey's* holding is inapposite to Dalton's case.

[70] *Muscarello v. United States*, 524 U.S. 125, 139 (1998) ("In sum, the 'generally accepted contemporary meaning' of the word 'carry' includes the carrying of a firearm in a vehicle. The

failure, Dalton was accurately and adequately informed of the elements the United States would have had to prove at trial. With this knowledge, Dalton chose to enter a guilty plea.[71] Accordingly, Counsel was not ineffective for failing to advise Dalton on *Bailey*, and Dalton suffered no prejudice.

Dalton has not shown that he was denied adequate representation as guaranteed under the Sixth Amendment. Accordingly, he is not entitled to relief under § 2255 on the grounds asserted in the Motion.

## V. CERTIFICATE OF APPEALABILITY

A certificate of appealability ("COA") is required to appeal a petition brought under 28 U.S.C. § 2255.[72] Under the Federal Rules Governing § 2255 procedures, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."[73] Where a petitioner makes "a substantial showing of the denial of a constitutional right," a COA should be issued.[74] This standard requires that the petitioner "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further."[75] Dalton's Motion

---

purpose of [924(c)] warrants its application in such circumstances. The limiting phrase 'during and in relation to' should prevent misuse of the statute to penalize those whose conduct does not create the risks of harm at which the statute aims.").

[71] Dkt. 46.

[72] 28 U.S.C. § 2253(c)(1)(B); *United States v. Asrar*, 116 F.3d 1268, 1269 (9th Cir. 1997).

[73] Rules Governing § 2255 Proceedings, Rule 11(a).

[74] 28 U.S.C. § 2253(c)(2).

[75] *United States v. Greene*, No. 3:09-CR-00053-1-TMB, 2015 WL 13670726, at *1 (D. Alaska Apr. 14, 2015) (quoting *Muth v. Fondren*, 676 F.3d 815, 822–23 (9th Cir. 2012)).

does not meet this standard. Dalton's Motion is without merit, and his factual contentions are contradicted by the record before the Court. Accordingly, the Court declines to issue a certificate of appealability in this action.

## VI. CONCLUSION

For the forgoing reasons, Dalton's Motion to Vacate is **DENIED**.

IT IS SO ORDERED.

Dated at Anchorage, Alaska, this 21st day of October, 2019

/s/ *Timothy M. Burgess*
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE