# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

*United States of America v. Abreain Terron Dalton*
Case No. 3:17-cr-00059-TMB-1

By: THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS: ORDER FROM CHAMBERS

The matter comes before the Court on Defendant Abreain Terron Dalton's ("Dalton") *Pro Se* Motion to Reduce Sentence (the "Motion").[1] Dalton argues he is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S. Sentencing Guideline ("U.S.S.G.") § 1B1.10, and U.S.S.G. Amendment 821 based on his reduced status points calculation.[2] Dalton's counsel filed a notice of no amended motion and submits on Dalton's *pro se* pleadings.[3] The United States (the "Government") did not respond to the Motion.[4] The United States Probation and Pretrial Services ("USPO") recommends that Dalton is ineligible for a sentence reduction.[5] This matter is ripe for resolution. For the following reasons, the Court **DENIES** the Motion.

## A. Background

On March 9, 2018, pursuant to a plea agreement, Dalton pleaded guilty to Possession with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Count 1) and Carrying a Firearm During and in Relation to Drug Trafficking, in violation of 18 U.S.C. § 924(c)(A)(1)(i) (Count 2).[6] In the underlying offense, Dalton possessed and intended to distribute at least five grams of methamphetamine, along with quantities of heroin, cocaine, and cocaine base "crack.".[7] While possessing those controlled substances with the intent to distribute them, he also carried an HS Products model XDS .45 caliber pistol for protection and $4,830.00 in U.S. currency from the distribution of controlled substances.[8] For these offenses, he was sentenced to 180 months in custody, consisting of 120 months on Count 1 and 60 months on Count 2 consecutively, followed by 5 years of supervised release.[9] He is housed at U.S. Penitentiary Big Sandy and has a projected release date of June 2, 2030.[10]

---

[1] Dkt. 88 (*Pro Se* Motion to Reduce Sentence).
[2] *Id.* at 1–2.
[3] Dkt. 91 (Notice of No Amended Motion) at 1–2.
[4] *See* Dkt. (absence).
[5] Dkt. 90 (Sealed USPO Memorandum) at 4.
[6] Dkt. 58 (Minute Entry); Dkt. 39 (Plea Agreement).
[7] Dkt. 39 at 4–5.
[8] *Id.* at 5.
[9] Dkt. 58; Dkt. 60 (Judgment).
[10] *See* BOP Inmate Locator, https://www.bop.gov/inmateloc/.

In his Motion, Dalton argues he is eligible for a two-point reduction in his criminal history points under Amendment 821 and asks the Court to reduce his sentencing accordingly.[11] He notes that because he committed the underlying offense while under a criminal justice sentence, his 21 criminal history points "as calculated, no [] longer . . . apply to determine [his] criminal history category" of VI.[12]

USPO recommends Dalton is ineligible for a sentence reduction because his criminal history points would only reduce by one point, from 21 to 20, under Amendment 821.[13] Therefore, his offense level, criminal history category, and guideline range would remain the same.[14] Moreover, because the Court sentenced Dalton below the guideline range, he is ineligible for a sentence reduction.[15]

### B. Legal Standard

United States Sentencing Guideline § 4A1.1, pursuant to Amendment 821, Part A, designates that if a defendant "receives 7 or more points under subsections (a) through (d) and . . . committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status," then one status point shall be added.[16]

Under U.S.S.G. § 1B1.10, "[i]n a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) [including Amendment 821, parts A and B, subpart 1], the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)."[17] 18 U.S.C. § 3582(c)(2) allows a court to reduce a term of imprisonment for "a defendant whose term of imprisonment has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[18] A court may "not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range."[19] Further, the statute "instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the [relevant] policies . . . is warranted in whole or in part under the particular circumstances of the case."[20]

---

[11] Dkt. 88 at 2.
[12] *Id.* at 1.
[13] Dkt. 90 at 4.
[14] *Id.* at 2, 4.
[15] *Id.* at 4.
[16] U.S.S.G. § 4A1.1(d)–(e).
[17] U.S.S.G. §§ 1B1.10(a)(1), (d).
[18] 18 U.S.C. § 3582(c)(2).
[19] U.S.S.G. § 1B1.10(b)(2)(A).
[20] *Dillon v. United States*, 560 U.S. 817, 827 (2010).

The U.S. Sentencing Commission has recommended retroactive application of Parts A and B, subpart 1, of Amendment 821.[21]

### C. Discussion

The Court finds that Dalton is ineligible for a sentence reduction under Amendment 821 for two reasons.

First, Dalton's guideline range would not change under Amendment 821. U.S.S.G. § 1B1.10 permits the Court to reduce a sentence "[i]n a case in which . . . the [applicable] guideline range applicable has subsequently been lowered as a result of an amendment." Amendment 821, Part A, redesignates that under U.S.S.G. § 4A1.1, defendants with seven or more status points who "committed the instant offense while under any criminal justice sentence" shall add one status point, instead of two. Here, applying Amendment 821 lowers Dalton's criminal history points from 21 to 20.[22] However, Dalton's criminal history would remain at VI.[23] As a result, Dalton's amended guideline range is identical to his original guideline range, at 130 to 162 months.[24] Therefore, he is ineligible for resentencing under Amendment 821.

Second, Dalton is ineligible for a sentence reduction because he was sentenced below his applicable guideline range. A court may "not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range."[25] Here, Dalton's original and amended guideline range on Count 1 is 130 to 162 months.[26] However, the Court sentenced Dalton to 120 months on Count 1, which is less than the minimum amended guideline range.[27] Therefore, the Court may not reduce Dalton's term of imprisonment.

For these reasons, the Court finds that Dalton has not demonstrated an appropriate basis for a sentence reduction. Accordingly, the Motion at Docket 88 is **DENIED.**

Entered at the direction of the Honorable Timothy M. Burgess.

DATE: August 5, 2024.

---

[21] *See* U.S.S.G. App. C., amend. No. 825; U.S.S.G. § 1B1.10, p.s. (effective Nov. 1, 2023 and operative Feb. 1, 2024); Miscellaneous General Order No. 23-07, District Protocol for Processing Applications Under Guidelines Amendment 821 at 1.
[22] Dkt. 90 at 2.
[23] *Id.*
[24] *See id.*; Dkt. 49 (Sealed Presentence Report) at 1.
[25] U.S.S.G. § 1B1.10(b)(2)(A).
[26] Dkt. 90 at 2.
[27] Dkt. 60.